# NOTE

Loan #

MIN
MERS TELEPHONE: (888) 679-6377

May 25, 2007           BRADENTON           FLORIDA
[Date]           [City]           [State]

6816 5TH STREET WEST, BRADENTON, FLORIDA 34207
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 252,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Academy Mortgage Corp.**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.850%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.

   I will make my monthly payment on the **FIRST** day of each month beginning on **July 1, 2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **June 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at **4055 South 700 East, Suite #200, SALT LAKE CITY, UTAH 84107** or at a different place if required by the Note Holder.

   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 2,183.60.

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3210 1/01
Page 1 of 3
5N(FL) (0005)

f1320010

Initials: AM
LM

under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) **Late Charge for Overdue Payments**
   If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be five percent (5.00%) of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) **Default**
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) **Notice of Default**
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D) **No Waiver By Note Holder**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) **Payment of Note Holder's Costs and Expenses**
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**
   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**
    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3210 1/01
Page 2 of 3
5N(FL) (0005)

Initials: _AM_ _LM_

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
ALESSANDRO MOSCHIN            -Borrower

_____ (Seal)
LISA MOSCHIN                  -Borrower

Social Security Number: Social Security No.: ___ __ ____

Social Security Number: Social Security )

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

Social Security Number:

Social Security Number:

*[Sign Original Only]*

Pay to the order of:

CITIMORTGAGE INC.

_____
Without Recourse
Academy Mortgage Corp.

MANDEE MORGAN, AVP OF OPERATIONS

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 3 of 3
5N(FL) (0005)

Form 3210 1/01

Initials: AM LM

Loan N

# PREPAYMENT FEE ADDENDUM
(MULTISTATE)

THIS PREPAYMENT FEE ADDENDUM ("Addendum") is made this 25th day of May, 2007, and is incorporated into and intended to form a part of the Note dated the same date as the Addendum and also amends and supplements the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date as this Addendum and the Note. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note and/or the Security Instrument, the provisions of this Addendum shall prevail over and will supercede any inconsistent provisions of the Note and/or the Security Instrument.

The Section in the Note entitled Borrower's Right to Prepay is amended to read in its entirety as follows:

**BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of Principal only is known as a "Prepayment." Except as provided below, I may make a Prepayment at any time without paying any penalty. When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under the Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If within the first thirty-six (36) months after the execution of the Security Instrument I make any Prepayment within any 12-month period the total amount of which exceeds twenty percent (20%) of the original principal amount of this loan, I will pay a Prepayment fee in an amount equal to the payment of six (6) months' advance interest on the amount by which the total of my Prepayment(s) within that 12-month period exceeds twenty percent (20%) of the original principal amount of the loan. The above provisions are subject to any applicable exceptions, exemptions and restrictions under state and/or federal law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Prepayment Fee Addendum.

_____ (Seal)  
ALESSANDRO MOSCHIN   -Borrower

_____ (Seal)  
LISA MOSCHIN   -Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

Page 1 of 1

dpiprepa

BAYVIEW LL....

ALTERNATE LOA

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: ALLESSANDRO MOSCHIN, LISA MOSCHIN

NOTE DATE: 5/25/2007

ORIGINAL PRINCIPAL BALANCE: $252,000.00

PAY TO THE ORDER OF: BAYVIEW LOAN SERVICING, LLC

WITHOUT RECOURSE

CitiMortgage, Inc.

By Bayview Loan Servicing, LLC, its Attorney in Fact

BY: _____

NAME: Robert Hall
TITLE: Vice President


PAY TO THE ORDER OF:

WITHOUT RECOURSE

BAYVIEW LOAN SERVICING, LLC

BY: _____

NAME: Robert Hall
TITLE: Vice President

LOAN#

ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: ALLESSANDRO MOSCHIN, LISA MOSCHIN

ORIGINAL PRINCIPAL BALANCE: $ 252,000

PROPERTY ADDRESS: 6816 5TH STREET WEST, BRADENTON, FL 34207

PAY TO THE ORDER OF:
**WESTVUE NPL TRUST II**

WITHOUT RECOURSE
**BAYVIEW LOAN SERVICING, LLC**

BY: _____
NAME: JASON JAMES
TITLE: Assistant Vice-President